## CLARK *versus* BOSTICK.

1. Where appeal has been taken from a justice's decision to the Circuit or County court, the decree, or judgment of the latter, on the merits, will not be reversed, merely because the pleadings are imperfect, or in short.

The opinion of the court contains a full statement of this cause.

TAYLOR, J.—This suit was originally brought before a justice of the peace, to recover the amount of an account alleged to be due from Clark to Bostick. After a judgment in favor of the plaintiff, the case was removed by *certiorari,* into the county court of Pike; where, according to the statute, it was tried *de novo,* and the plaintiff was again successful, and the case is brought into this court by writ of error.

There are two assignments of error.

1st. The court erred, as stated in the bill of exceptions.

2d. There are no replications to the pleas of payment and set-off.

The last will be first considered.

There are several decisions of this court cited to show that the last is a fatal error; and, however, re-

CLARK *vs.* BOSTICK.

luctant we might be to reverse a case on this ground, unless the statute of jeofails of 1824, should be thought to vary the law, these decisions would be adhered to. But it is believed they are not applicable to this case. The plea of *non assumpsit* was filed, as well as those embraced in the assignment of error: this included the plea of payment, and it might well be presumed that the defendant waived the plea of set-off. It is unnecessary, however, to resort to this presumption. In a case of this kind, the law requires that an issue shall be made up under the direction of the court. These issues are generally very informal, merely intended to present some point so that it can be understood by the jury. The declaration, a statement in this instance, is very brief, merely averring that the defendant is indebted to the plaintiff in the sum of forty-four dollars, for work and labor done at his special instance and request. Immediately after this, follow these words: " Non assumpsit, and payment—set-off"—signed by the defendant's counsel; and above the statement, are these words, " Issue joined." It is fair to presume that the words " issue joined," were written after the short pleas were filed, and intended and received as a replication to them; and although it was an extremely informal mode of pleading, yet as it was sufficient to inform the jury what they were to try, and we are to suppose in this, the directions of the court were complied with, this court would not be authorised on account of this looseness, to reverse the judgment. It is plain, that no kind of strictness in pleading was required by the parties. The defendant simply had written the names of the pleas on which he relied, and for the plaintiff to

have inserted the word replication, would have been in no way more beneficial, than the course which was pursued of writing "issue joined," which must have been done by plaintiff, or with his approbation, with the consent of the defendant; as both parties appeared at the trial, and no objection whatever appears to have been made to the pleadings. In these small cases, commenced before a justice of the peace, in which the proceedings are conducted with so little strictness, we should always feel disposed to aid any defects in the pleadings by intendment, after a trial upon the merits; if by doing so, we did not commit an obvious violation of some legal rule.

As to the other assignment, the bill of exceptions shows that on the trial, the plaintiff introduced a witness who proved that the amount which was to be paid by the defendant below, to the plaintiff for hawling, which was proved to have been done by the plaintiff for the defendant, was agreed upon between the parties, before the hawling was done; this was the only evidence offered by the plaintiff.

The defendant's counsel moved the court to instruct the jury that, on this evidence there could be no recovery on a common count, for work and labor; which charge the court refused to give; and charged the jury, that they should, in this case, allow the plaintiff whatever they believed due him, without paying any regard to the contract.

There is no doubt, if an agreement be made between two men, by which one agrees to do a specified piece of labor for the other, for which the other agrees to pay him a particular sum in money; if the work be done and the money is not paid, an action of *indebitatus assumpsit* may be brought to recover it.

This is admitted by the counsel for the plaintiff in error; but it is insisted, that in instructing the jury that they were to pay no regard to the contract, there was error, as the amount of their verdict was legally to be governed by the sum agreed to be paid. We can not believe that it was the intention of the court to instruct the jury, that in ascertaining the damages, they were not to regard the contract, nor that they so understood it. If the amount agreed to be paid was to be disregarded by them, they must have been left to form their verdict without any evidence; as the bill of exceptions informs us that no evidence other than the agreement was introduced by the plaintiff below. By the instruction, the court evidently meant to say to the jury, that *notwithstanding* the agreement, they were to find for the plaintiff such amount of damages as they were satisfied by the evidence, was due to him; and so the jury must have understood it. But it is objected, that the court directed the jury to find for the plaintiff, and left no discretion: we do not think so. The instruction was to find for the plaintiff whatever they believed due him; that is, if the proof satisfied them that the plaintiff was entitled to recover, to find for him so much as the evidence shewed he was entitled to; but if the proof did not convince them that any thing was due, so to return their verdict.

The judgment must be affirmed.